IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 13 1994
NANCY DOHERTY, CLERK
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. |
| ABRAHAM PADILLA (1) aka "BENE PADILLA" | * 3-94CR-339-R |
| ABEL SAENZ-LOPEZ SR. (2) | * |
| ABEL SAENZ-LOPEZ JR. (3) | * |
| FRANCISCO ISAAC (4) aka "PANCHITO" | * SEALED |
| FERNANDO QUIROZ (5) aka "VANNA" | * |
| HIPOLITO ORTIZ (6) aka "POLO" | * |
| ARMANDO MARTIN TREVINO (7) aka "GORDO" | * |
| PEDRO SANCHEZ (8) aka "PETE SANCHEZ" | * |
| JORGE ESPINOZA (9) aka "EL PATO" | * |
| OSCAR DELEON (10) aka "PELON" | * |
| PABLO DELUNA (11) aka "PICHO" | * |
| EDEL ISAAC (12) | * |
| JUAN FRANCISCO TREVINO (13) aka "KIKO OZUNA" | * |

The Grand Jury charges:

## COUNT 1

From at least September 1992, the exact date being unknown to the Grand Jury, and continuing thereafter until the return of this indictment, in the Northern District of Texas and elsewhere,

1. ABRAHAM PADILLA also known as "BENE PADILLA"

INDICTMENT - Page 1

2. ABEL SAENZ-LOPEZ SR. (2)

3. ABEL SAENZ-LOPEZ JR. (3)

4. FRANCISCO ISAAC also known as "PANCHITO"

5. FERNANDO QUIROZ also known as "VANNA"

6. HIPOLITO ORTIZ also known as "POLO"

7. ARMANDO MARTIN TREVINO also known as "GORDO"

8. PEDRO SANCHEZ also known as "PETE SANCHEZ"

9. JORGE ESPINOSA also known as "EL PATO"

10. OSCAR DELEON also known as "PELON"

11. PABLO DELUNA also known as "PICHO"

12. EDEL ISAAC

13. JUAN FRANCISCO TREVINO also known as "KIKO OZUNA"

defendants, did knowingly, willfully and unlawfully combine, conspire, confederate and agree together, and with each other and with diverse other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, to wit: possession with intent to distribute and the distribution of one thousand (1,000) kilograms or more of marihuana, a Schedule I controlled substance, in violation of Title 21 United States Code Section 841(a)(1).

## MANNER AND MEANS OF THE CONSPIRACY

During the conspiracy as alleged herein, it was part of the conspiracy that:

1. One or more of the defendants and co-conspirators would arrange for the acquisition of marihuana from sources in Mexico.

2. One or more of the defendants and co-conspirators would

travel to the Laredo, Texas area and other locations known and unknown to the Grand Jury, to acquire marihuana.

3. One or more of the defendants and co-conspirators would arrange for the distribution and delivery of marihuana to persons both known and unknown to the Grand Jury.

4. One or more defendants and co-conspirators would use code words to describe the packages of marihuana that were to be and were delivered.

5. One or more of the defendants and co-conspirators would purchase and acquire assets in such a manner as to conceal and disguise the nature, location, source, ownership and control of proceeds derived from the sale and distribution of said controlled substances.

## OVERT ACTS

In furtherance of the conspiracy and to the effect the objects thereof, the defendants committed the following overt acts, among others, in the Northern District of Texas and elsewhere:

1. On about September 13, 1992, defendants ABEL SAENZ-LOPEZ, SR. and ABEL SAENZ-LOPEZ, JR. traveled to Laredo, Texas, and registered at the Fiesta Inn, Laredo, Texas.

2. On about September 18, 1992, defendants ABEL SAENZ-LOPEZ, SR. and ABEL SAENZ-LOPEZ, JR. had a conversation with a person known to the Grand Jury concerning the distribution of marihuana.

3. On about September 24, 1992, defendant PADILLA possessed approximately 72 pounds of marihuana in Laredo, Texas.

INDICTMENT - Page 3

4. On about December 28, 1992, defendant DELUNA traveled to Dallas, Texas, and checked into the Excel Inn located at 8510 E. R.L. Thornton Freeway Dallas, Texas.

5. On about February 26, 1993, defendant DELUNA traveled to Dallas, Texas, and checked into the Excel Inn located at 8510 E. R.L. Thornton Freeway Dallas, Texas.

6. On About March 15, 1993, defendant DELUNA traveled to Dallas, Texas, and checked into the Excel Inn located at 8510 E. R. L. Thornton Freeway Dallas, Texas.

7. On about March 29, 1993, defendant PADILLA and a person known to the Grand Jury traveled to Dallas, Texas, and checked into the La Quinta Inn located at 8303 E. R.L. Thornton Freeway Dallas, Texas.

8. On about April 1, 1993, defendants ARMANDO MARTIN TREVINO and PADILLA gave a ranch gate combination to a person known to the Grand Jury for the purpose of transporting marihuana through the ranch from Laredo, Texas, to Dallas, Texas.

9. On about April 14, 1993, defendant PADILLA and a person known to the Grand Jury traveled to Dallas, Texas and checked into the LaQuinta Inn located at 8303 E. R.L. Thornton Freeway Dallas, Texas.

10. On about May 3, 1993, defendant QUIROZ traveled to Dallas, Texas and checked into the Excel Inn located at 8510 E. R.L. Thornton Freeway Dallas, Texas.

11. On about May 25, 1993, defendants FRANCISCO ISAAC, ORTIZ, and QUIROZ possessed and distributed approximately 300 pounds of

marihuana in Laredo, Texas.

12. On about May 27, 1993, defendant FRANCISCO ISAAC had a telephone conversation with a person known to the Grand Jury regarding the acquisition of approximately 300 pounds of marihuana that was transported from Laredo, Texas, to Mesquite, Texas.

13. On about May 27, 1993, defendants QUIROZ, ORTIZ, and ABEL SAENZ-LOPEZ, JR., possessed approximately 300 pounds of marihuana in Mesquite, Texas.

14. On about June 3, 1993, a person known to the Grand Jury associated with the conspiracy traveled to Dallas, Texas, and checked into the Travelers Inn located at 121 Grand Junction Mesquite, Texas.

15. On about June 24, 1993, two persons known to the Grand Jury traveled to Dallas, Texas, and checked into the Travelers Inn located at 121 Grand Junction Mesquite, Texas.

16. On about June 29, 1993, a person known to the Grand Jury and associated with the conspiracy traveled to Dallas, Texas, and checked into the Travelers Inn located at 121 Grand Junction Mesquite, Texas.

17. On about August 5, 1993, a person known to the Grand Jury and associated with the conspiracy traveled to Dallas, Texas, and checked into the Holiday Inn located at 1515 South Beckley DeSoto, Texas.

18. On about August 9, 1993, a person known to the Grand Jury and associated with the conspiracy traveled to Dallas, Texas, and checked into the Travelers Inn located at 121 Grand Junction

Mesquite, Texas.

19. On about August 12, 1993, defendant DELUNA traveled to Dallas, Texas, and checked into the Excel Inn located at 8510 E. R. L. Thornton Freeway Dallas, Texas.

20. On about August 31, 1993, a person known to the Grand Jury and associated with the conspiracy traveled to Dallas, Texas, and checked into the Holiday Inn located at 1515 S. Beckley DeSoto, Texas.

21. On about September 8, 1993, two members of the conspiracy both known to the Grand Jury were in possession of approximately 622 pounds of marihuana that belonged to defendant PADILLA for transportation to Dallas, Texas.

22. On about September 29, 1993, a member of the conspiracy known to the Grand Jury traveled to Dallas, Texas, and checked into the Holiday Inn located at 1515 S. Beckley DeSoto, Texas.

23. On about October 5, 1993, defendants SANCHEZ and ESPINOZA were in possession of approximately 282.15 pounds of marihuana.

24. On about October 11, 1993, a person known to the Grand Jury acting in furtherance of the conspiracy traveled to Dallas, Texas and checked into the LaQuinta Inn located at 8303 E. R.L. Thornton Freeway Dallas, Texas.

25. On about November 12, 1993, a person known to the Grand Jury acting in furtherance of the conspiracy traveled to Dallas, Texas, and checked into the LaQuinta Inn located at 8303 E. R.L. Thornton Freeway Dallas, Texas.

26. On about December 7, 1993, two persons known to the

**INDICTMENT - Page 6**

Grand Jury possessed approximately 309 pounds of marihuana that belonged to defendant PADILLA.

27. On about December 29, 1993, defendant JUAN FRANCISCO TREVINO possessed $47,984 in United States currency, funds of the conspiracy.

28. On about January 14, 1994, defendant ABEL SAENZ-LOPEZ, SR. traveled to Laredo, Texas, and leased a mobile telephone number from United States Cellular Mobile Telephone Network.

29. On about January 17, 1994, defendant ABEL SAENZ-LOPEZ, SR. traveled to Laredo and checked into the Monterey Inn located at 4820 San Bernardo Avenue Laredo, Texas.

30. On about January 24, 1994, defendants QUIROZ, FRANCISCO ISAAC, and ABEL SAENZ-LOPEZ, SR., and other persons known and unknown to the Grand Jury, possessed approximately 463 pounds of marihuana.

31. On about January 25, 1994, defendants QUIROZ, DELEON, met with other persons known and unknown to the Grand Jury and discussed the acquisition and distribution of approximately 663 pounds of marihuana.

32. On about January 26, 1994, defendant ABEL SAENZ-LOPEZ, JR. had a telephone conversation with a person known to the Grand Jury about the possession and distribution of approximately 463 pounds of marihuana.

33. On about January 26, 1994, defendant ABEL SAENZ-LOPEZ, JR. and persons known and unknown to the Grand Jury possessed approximately 463 pounds of marihuana.

INDICTMENT - Page 7

34. On about March 27, 1994, defendant DELUNA possessed approximately 50 pounds of marihuana.

35. On about July 21, 1994, defendant EDEL ISAAC possessed approximately 50 pounds of marihuana.

36. On about August 5, 1994, defendant EDEL ISAAC distributed approximately one (1) ounce of marihuana to a person known to the Grand Jury.

37. On about September 15, 1994, defendant ABEL SAENZ-LOPEZ, SR. possessed approximately one (1) pound of marihuana.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about May 27, 1993, in the Northern District of Texas and elsewhere, FERNANDO QUIROZ, HIPOLITO ORTIZ, FRANCISCO ISAAC, and ABEL SAENZ-LOPEZ, JR., defendants, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and intentionally did possess with intent to distribute approximately 300 pounds of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 3

On or about May 27, 1993, in the Northern District of Texas, FRANCISCO ISAAC, defendant, knowingly and intentionally did use a communication facility, that is a telephone, in committing, causing, and facilitating, the commission of an act constituting a felony under Title 21, United States Code, Section 846, in that the defendant used the telephone to discuss various matters concerning the transportation and distribution of approximately 300 pounds of marihuana.

In violation of Title 21, United States Code, Section 843(b).

## COUNT 4

On or about January 26, 1994, in the Northern District of Texas, ABEL SAENZ-LOPEZ, JR., defendant, knowingly and intentionally did use a communication facility, that is, a telephone, in committing, causing and facilitating, the commission of an act constituting a felony under Title 21, United States Code, Section 846, in that the defendant used the telephone to discuss various matters concerning the transportation and distribution of approximately 463 pounds of marihuana.

In violation of Title 21, United States Code, Section 843(b).

## COUNT 5

On or about January 26, 1994, in the Northern District of Texas, ABEL SAENZ-LOPEZ, JR., defendant, aided and abetted by others known and unknown to the Grand Jury, knowingly and intentionally did possess with intent to distribute approximately 463 pounds of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 6

On or about January 26, 1994, in the Northern District of Texas ABEL SAENZ-LOPEZ, SR., ABEL SAENZ-LOPEZ, JR., and FERNANDO QUIROZ, defendants, did knowingly and intentionally employ, hire and use a person under eighteen years of age to possess with the intent to distribute approximately 463 pounds of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code Sections 841(a)(1) and 861.

INDICTMENT - Page 13

## COUNT 7

On or about July 21, 1994, in the Northern District of Texas, EDEL ISAAC, defendant, did knowingly and intentionally possess with the intent to distribute approximately 50 pounds of marihuana, a Schedule I controlled substance.

In violation of Title 21 United States Code Section 841(a)(1).

## COUNT 8

On or about August 5, 1994, in the Northern District of Texas EDEL ISAAC, defendant, knowingly and intentionally did cause to be distributed approximately one (1) ounce of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 9

On or about September 15, 1994, in the Northern District of Texas, ABEL SAENZ-LOPEZ, SR., defendant, knowingly and intentionally, did possess with the intent to distribute approximately one (1) pound of marihuana, a Schedule I controlled substance.

In violation of Title 21 United States Code Section 841(a)(1).

A TRUE BILL

_____
FOREPERSON

PAUL E. COGGINS
United States Attorney

_____
ROBERT L. WEBSTER
Assistant United States Attorney
State Bar No. 21053375

_____
JERRI L. SIMS
Assistant United States Attorney
State Bar No. 18425300
1100 Commerce Street, Room 300
Dallas, Texas 75242
(214) 767-0951

INDICTMENT - Page 16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

VS.

ABRAHAM PADILLA, aka "Bene Padilla" (1); ABEL SAENZ-LOPEZ, SR., (2); ABEL SANEZ-LOPEZ, JR. (3); FRANCISCO ISAAC, aka "Panchito" (4); FERNANDO QUIROZ, aka "Vanna" (5); HIPOLITO ORTIZ, aka "Polo" (6); ARMANDO MARTIN TREVINO, aka "Gordo" (7); PEDRO SANCHEZ, aka "Pete Sanchez" (8); JORGE ESPINOSA, aka "El Pato" (9); OSCAR DeLEON, aka "Pelon" (10); PABLO DeLUNA, aka "Picho" (11); EDEL ISAAC (12); JUAN FRANCISCO TREVINO, aka "Kiko Ozuna" (13)

---

INDICTMENT

21 USC 846;
21 USC 841(a)(1) & 18 USC 2; 21 843(b);
21 USC 861

Conspiracy; Possession with intent to distribute marihuana and aid & abet; use of communication facility in commission of felony; employment of person under 18 years of age

9 COUNTS

---

A true bill,

DALLAS _____ FOREMAN

Filed in open court this _____ day of _____, A.D. 19____.

------------------------------------------------------------
_____ Clerk

WARRANT TO ISSUE FOR EACH DEFENDANT

--------------------------------------------------------
UNITED STATES DISTRICT JUDGE

No Magistrate Complaint Pending